IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JIMMY L. STEWART,

    Petitioner,                     No. CIV S-08-3156 DAD P

    vs.

BEN CURRY, Warden,             <u>ORDER AND</u>

    Respondent.            <u>FINDINGS AND RECOMMENDATIONS</u>

/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

        Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. <u>See</u> 28 U.S.C. § 1915(a).

**PRELIMINARY SCREENING**

        Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." Rule 4, Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may

1

dismiss a petition for writ of habeas corpus at several stages of a case, including "summary dismissal under Rule 4; a dismissal pursuant to a motion by the respondent; a dismissal after the answer and petition are considered; or a dismissal after consideration of the pleadings and an expanded record."

## BACKGROUND

On September 16, 2008, petitioner commenced this action by filing a petition for writ of habeas corpus in the United States District Court for the Northern District of California. On December 23, 2008, the Northern District transferred the case here, where venue was proper.

Petitioner challenges a judgement of conviction entered against him in the Sacramento County Superior Court for burglary. Petitioner's sole claim is that "[t]he trial court abused its discretion when it refused to strike the sentence for the prior." (Pet. at 6.) Petitioner contends that "[t]he sentence for a true finding on a prior conviction may be struck by a trial court in the interests of justice pursuant to Penal Code Section 1385." (Id.)

## ANALYSIS

The instant petition should be dismissed because petitioner has failed to state a cognizable claim for federal habeas relief. Petitioner is advised that a writ of habeas corpus is available under 28 U.S.C. § 2254 only on the basis of some transgression of federal law binding on the state courts. See Peltier v. Wright, 15 F.3d 860, 861 (9th Cir. 1993); Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing Engle v. Isaac, 456 U.S. 107, 119 (1982)). Here, petitioner's sole claim challenges a trial court decision based on state sentencing law. However, habeas corpus cannot be utilized to try state issues de novo. Milton v. Wainwright, 407 U.S. 371, 377 (1972). A federal writ is not available for alleged error in the interpretation or application of state law. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Park v. California, 202 F.3d 1146, 1149 (9th Cir. 2000); Middleton, 768 F.2d at 1085. Accordingly, petitioner is not entitled to habeas corpus relief, and this action should be dismissed. See, e.g., Hayes v. Giurbino, 549 F. Supp. 2d 1240, 1246-47 (S.D. Cal. 2008) (petitioner claiming that trial court

abused its discretion by denying his request to have prior offenses dismissed was not entitled to federal habeas relief because his claim sought reexamination of a state court determination on a state law question) (citing Estelle v. McGuire, 502 U.S. at 67-68); see also Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994) ("Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief."); Fetterly v. Paskett, 997 F. 1295, 1300 (9th Cir. 1993) (issues involving state sentencing error are not cognizable on federal habeas review).

**CONCLUSION**

IT IS HEREBY ORDERED that:

1. Petitioner's October 16, 2008 application to proceed in forma pauperis (Doc. No. 4) is granted;

2. Petitioner's September 16, 2008 motion for appointment of counsel (Doc. No. 2) is denied as moot; and

3. The Clerk of the Court is directed to randomly assign a United States District Judge to this action.

IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for writ of habeas corpus be dismissed; and

2. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the

/////

/////

/////

specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 10, 2009.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
stew3156.156